Good morning, your honors. I'm attorney Matt Fortato here on behalf of appellant Patrick Cannon. Initially, I'd like to address the jurisdictional issue raised by this court in its order of May 28th. There were two bases for jurisdiction asserted in our brief. The first is 28 U.S.C. 1292A1. The court in its order of last week raised the argument that, in fact, what was being appealed here from was not, in fact, a restraining order, but the trial judge's adaptation of the recommendations of the magistrate judge that a restraining order, in fact, be issued. I went back to the wordings of the order, and Magistrate Judge Boyle, in his report and recommendation, stated, this court recommends that the district court enter a restraining order pursuant to 21 U.S.C. 853E with respect to Lot 10. Judge Lodge, in his order, says, it is hereby ordered that the report and recommendation entered on March 12th, 2002, should be and is hereby incorporated by reference and adopted in its entirety. I interpreted that to, in fact, be a restraining order inasmuch as the magistrate judge had said that he specifically recommended the adoption of a restraining order and the trial judge specifically said that he incorporated that, that he accepted and incorporated that recommendation in his order. But that could just mean, from the magistrate, you should issue a restraining order. And the judge agrees, yeah, I should, but I haven't. Well, when the judge says that I accept that recommendation and I incorporate it by reference, to me that means that he accepted the recommendation to issue a restraining order and that he did, in fact, issue a restraining order. What is that? Did he issue one? He did not issue a separate order, Your Honor. So what is the, what restraint is there? How do we know what he's restrained from doing? Well, as far as I'm concerned, he's restrained from any disposition of Lot 10 because that was what Magistrate Judge Boyle recommended. You know, to me, the- No, he just said that a restraining order should be issued, but didn't say restraining him from what. Can he mortgage it? Can he sell it? What? My interpretation of what Magistrate Judge Boyle recommended would not have allowed my client to do anything with the property. And when I went back to review this issue after looking at the court's order, my question to myself was, could I in good conscience have told Mr. Cannon that he could have done any one of those things? Could he have sold it? Could he have mortgaged it? Could he have refinanced it? Could he have done any of those things? And in good conscience, I could not have recommended or suggested to him that he do any of those things because I think that would have placed him in, potentially, in contempt of court. Now, interestingly enough, there has been, since the time of these proceedings, and I, the order was entered one day after this court's order, the trial judge, who is now Judge Panner, did issue a specific restraining order as to Lot 10. I was only served with a copy of that order yesterday, but he did, in fact, do that last week, one day after this court's order. In any event, my concern as counsel for Mr. Cannon was, could I have allowed him or could I have recommended to him to do anything to alienate this property in any way after the issuances of Judge Lodge's order? And my answer was, and still is, no, I could not have recommended. Because it has a lease pendant on it, too. There is a lease pendant as well, Your Honor. And the magistrate said that he was granting the government's motion for entry of the order as to Lot 10 only. Yes, and what had happened is that initially this issue had been addressed by my predecessor, Attorney Parnes, who had filed a motion for a probable cause hearing as to the pretrial restraint as to Lot 10 only. Between the time of his filing that motion and the time of the hearing, the government filed a motion asking for restraining orders as to all of Mr. Cannon's property. And, in fact, Magistrate Lodge, at hearing, treated the motion before him as one relating solely to Lot 10. But then in his recommendation, he went on to recommend that the trial court, in fact, issue a restraining order as to Lot 10. And by my interpretation, the trial court did, in fact, do that. In any event, I noted, by going back and reviewing the government's brief, that the government was under the same apprehension that I was. So you think if we were to say that on some technicality we don't think it's appropriately incorporated, it would go back, there is the order, and then you'd be back here tomorrow, correct? Unfortunately, not tomorrow, but sometime in the future. Soon thereafter. That's right, because it would be inevitable that I would have to appeal the order that Judge Panner has now filed. But in any event, as I was saying, I note that the government, in its brief, was under the same apprehension that I was, that this is, in fact, a restraining order, and we both briefed it as such. So I do think that 28 U.S.C. 1292A1 does provide a basis for jurisdiction here. It's not in the record, but I'm just curious. Does Judge Panner's order follow what the motion for the restraining order had? For example, if we did view this as being an incorporation of the motion to restrain, does the ultimate restraining order do the same thing? The restraining order issued by Judge Panner does the same thing, but is more specific in its restrictions and its spelling out the restrictions. I see. But what happened is that I was appearing specially in this matter by leave of the court and did not file a response to the government's motion that was filed pre-trial, excuse me, pre-hearing as to alienation of all the property, because I was specially appearing only as to Lot 10 by leave of the court. Judge Panner issued an order directing CJA trial counsel to respond to the government's motion. CJA counsel filed a motion asking for an extension of time for her to answer that. Judge Panner did not rule on that motion, but instead issued the restraining order. Because the entire district court record is automatically in front of us, would you simply provide a copy of that order to the court? I certainly will, Your Honor. At the conclusion of the hearing. You're talking about Judge Panner's order? Yes. Yes, I will be glad to do that, Your Honor. In any event, should the court feel that 28 U.S.C. 1292-A1 does not apply, should you feel that this was not, in fact, a restraining order, I would argue that the second jurisdictional basis argued in my brief, and that is the collateral order doctrine should apply and we should be allowed to proceed on that jurisdictional basis. There are three prongs and three requirements for the collateral order doctrine that are applicable, and this court has followed that order in a pretrial restraint context in United States v. Spolatro. The three requirements for the collateral order doctrine to apply would be, first, that the order conclusively determines the disputed question, in this case, the disputed question being the ability to alienate Lot 10. So this would certainly be determinative of that question. The second requirement would be that it resolves an important issue completely separate from the merits of the action. Well, the merits of the action are whether or not Mr. Cannon is guilty of criminal offenses, not whether or not Mr. Cannon is able to alienate his property. So I think we meet that requirement as well. The third requirement of the collateral order doctrine is that the order appealed from is effectively unreviewable on appeal from the final judgment. That would also be the case here because the need for alienation of this property was the need to be able to sell the property, refinance it, or mortgage it in order to retain counsel of the court. But I think that, because you're reading the factors out of Cohen that basically have been adopted by the Ninth Circuit. I'm not sure that would be successful because the third prong of Cohen is really meant for orders that have no appealability. This, by its very nature, is an appealable order. Well, it is an appealable order. So it might make sense. I think we have your point on it, but this is, by nature, an appealable order, and that's why Cohen is used not as a belt and suspenders operation, and I appreciate your trying to figure out a pigeonhole for it given the circumstance we're in. But it might make sense, because you've laid this out pretty clearly, at least with your view on it, to move on to the merits so that we don't short your client on that. I'll be happy to do that, Your Honor. As to the merits, it is our position that there is nothing in the record that constitutes any direct and probative evidence of Mr. Cannon's involvement in any criminal activity. The magistrate judge himself notes that fact in his findings of fact. There is no evidence that you typically would have in a drug case. There is no controlled by. There was a search warrant executed of Mr. Cannon's home, but that search warrant did not reveal any drugs. No one has ever testified that he's been found in possession of drugs. He is a 56-year-old man who has no criminal record whatsoever. There is simply no direct probative evidence here of his involvement in drug activity. What there is is testimony that was extensive, and when I say extensive, over approximately two and a half days of hearing from the case agent, IRS Agent Gleason. And as we pointed out at length in our brief, there were numerous errors in the testimony of Agent Gleason, and there were numerous inconsistencies in the testimony of Agent Gleason. And it's our belief that those inconsistencies and those errors and those internal contradictions, particularly those contradictions between what the record of statements from witnesses were and what was presented by the government as chart 11 in support of its contention that Mr. Cannon was involved in drug activities, are such that his testimony is inherently incredible and that it is insufficient to determine probable cause for this matter. So it's our position that the government had failed in its burden of proof, and because the government failed in its burden of proof, it was error for Judge Lodge and Judge Boyle to enter any restraint as to the property here. In light of the procedural history of this matter and the jurisdictional issues and the new order by Judge Tanner, unless the panel has questions, what I would like to do is reserve any remaining time for rebuttal. Thank you. May it please the Court, Counsel. My name is Anthony Hall. I'm Assistant U.S. Attorney from Boise, Idaho, and I am the Assistant U.S. Attorney who is assigned to handle asset forfeiture matters and have been involved in this case from the beginning, which is a rather long time. This case has gone for a number of years. I would first like to respond to the Court's order of last week. In my view, the Court is correct. There was no restraining order entered. There was no injunctive relief granted. The district court order appealed from did just three things. The Judge Lodge made findings. He overruled the defendant's objections to the magistrate's report and recommendation, and then he incorporated and adopted the report and recommendation in its entirety. And if Mr. Cannon had gone out to mortgage the property or try to dispose of it, would that have been in violation of Judge Lodge's order? No. It was practically well. I mean, I understand your point, but it seems to me that if Mr. Cannon did that, that the United States would be right back there in front of Judge Lodge in 20 seconds saying, you know, this is an outrage. We come in here, we get this order, and then the guy goes out and mortgages the property. What's going on here? There's another difficulty there, though, and that is, and I frankly really don't know the answer to this question, but the difficulty is once a property has been determined to be proceeds of criminal activity, then transacting business with it or selling it or alienating it or whatever could be a criminal act, and it also could be a money laundering violation. It also is subject to, unless the person is a bona fide purchaser for value on the other end of the transaction, it's subject to being set aside at a later date. So there were practical reasons why this property, apart from the existence of the Liz pendants, why this property, why Mr. Cannon couldn't or wouldn't have done that. And in the register case, which the government cited on the topic of Liz pendants, there's an interesting footnote in that case where the court points out that it says, although the point does not affect our holding, we note that the remedy the defendant sought, in that case he asked that the Liz pendants be retracted, would not have had any effect upon his ability to compensate his attorney for his services. I'm just paraphrasing. According to the forfeiture statute, such property that is subject to forfeiture and is subsequently transferred to a person other than the defendant is still subject to forfeiture and unless the transferee, which would be the attorney, establishes that he or she is a bona fide purchaser for value, which in this case could never happen, then that property can be set aside at a later date. And there are cases, I think, where the court has come back and recovered, the government through the court has sought recovery and has been successful in recovering fees  so there were practical problems here that I really maybe don't have the intellect to get my... Can we interpret the metric judge's order in which he said the government's motion for entry of a restraining order should be granted and then in Judge Lodge's, he is hereby ordered that the report of the recommendation of the magistrate judge be incorporated and adopted. Can we interpret that as granting, in effect, granting a restraining order that incorporates the motion of the government? That's how I interpreted it. And that's how I argued it in my brief. And I believe that's not correct. We didn't have that as part of the record. We've since obtained it, but that does seem to make clear what the restraint is. Yes, the restraining order that was entered on the 29th, the day after this court's order, it goes into great detail as to all of those things, which I think Your Honor's point is well taken. There was no relief granted in a way that you could determine. For example, we learn in our property class in law school that property rights in real property are a bundle of sticks and a restraining order can limit one or two or all of those. And the restraining order may be something so narrow that it would only do a little bit more than a list pendant, which would restrain alienation. What did you ask for in your motion? We asked for and the court granted that the property be restrained from alienation. There's language in there that the property not be, that it be maintained, that it not be allowed to be dissipated. That insurance, I think, and any taxes due in those matters be taken care of. We did not seek possession of the property. It's just restrained. We did not seek rents or proceeds or any benefits that would flow from the use of the property. But the government's motion for a restraining order is fairly specific as to the scope of what you want. Yes. In the motion the government filed and the proposed order that was filed with the motion, it specifically sets out exactly what we're asking. Perhaps by stipulation of the parties, we could find that the defect was cured by the entry of this order and that we now have jurisdiction. Of course, my instincts tell me never to give up an advantage. No, but I think certainly it was my apprehension, as counsel expressed, that the restraining order was, in fact, in place, even though the order hadn't been entered. Let me just add, I don't think you can stipulate the jurisdiction, but the practical effect of it is an understanding of what that order means and we then can construe it from a legal standpoint. Yes. I don't know. No. Well, I don't know. I didn't have a lot prepared on the merits, but I do think that I, for example, even though I concede jurisdiction under 1292 under this statute, I don't believe that. I think that's a very complex issue. And if you look at Spalatro and Crozier, those cases had to do with the case going forward to trial at the same time that the appeal was pending. And in this case, I think that the defendants, of course, he sought to stay the case and he actively sought to delay trial, and I think it's a powerful weapon, if a defendant is allowed to do that, to keep himself from getting to trial by filing, in this case, the defendant filed two interlocutory appeals. The second one was dismissed upon an order to show cause, but it was an appeal of the decision by the district court to set the matter and go forward for trial. And if you look at the Spalatro case and the Crozier case, their holdings are conditioned when they apply the collateral order doctrine on the fact that we are not, when we balance the need for the case to be moved speedily along toward trial, we are not slowing it down by doing this. If it's going forward, then what is the issue of not having counsel does not exist in those cases. It does here because the issue of needing the money to pay for counsel, the Sixth Amendment issue, those cases aren't about that issue and this case isn't. So anyway, I would like to see the court get to the merits because I do think that that is a serious problem. On the merits, is our concern with the probability or likelihood of conviction of the criminal charge or is it the relationship of the property to the charge? It's the latter. And there is another area. The court and counsel seem to think that we're involved in whether or not the likelihood that there would be a conviction. I don't find any recent case authority, and I certainly don't see any Ninth Circuit authority that would support that. But that is another area where there is uncertainty about the standard that would be applied in a case where a right to counsel issue, a Sixth Amendment right to counsel issue is raised in connection with restraint of property pretrial. The only case, and there is the Roth case and there are the Crozier cases and other prior cases, but the only case that squarely addresses the right to counsel issue, and unfortunately it's as to a corporation, is the Unimex case. And I pointed out in the government's brief that that does, I think, call into question the Crozier case and to the extent it relies on Crozier-Roth in terms of whose burden it is to go forward. In Unimex, I think that the Ninth Circuit clearly states that if you are saying that you have a Sixth Amendment right to some greater, or you have some greater right based on the Sixth Amendment with respect to the hearing that is afforded you, that you have to come forward and show that you do lack resources, which was not done in this case, and that you have even beyond that an additional burden of showing that there is some defect in the government's probable cause or the grand jury's determination of probable cause of the underlying criminal activity. And I think those factors show up in a number of circuit court decisions that are, there are a number of cases that are cited in the brief. Jones, I think, out of the Tenth Circuit. Farmer, which is either a Fourth or Seventh Circuit case. Kurtzenbaum, which is the Fourth or Seventh Circuit. Those cases are part of what I see as a fairly recent emerging consensus among the circuits that when you raise a Sixth Amendment right to counsel issue, you have some burden of showing that you do need the money to hire an attorney because you lack other assets. And then in some cases they go even further than that. But I think Unimex is right in line with those cases and seems to be, have gone, you know, seems to be inconsistent with the earlier standards that we look at in Crozier and Spilotro and Roth. But the government, we took the conservative point of view, and we tried to do exactly what the Roth case called for. And so we followed the, we followed Crozier, we followed Roth, and we did everything that we could to get the defendant, I mean, to, you know, to keep the record clean that we were giving him the right, I mean, the hearing and putting on the evidence and doing everything. There are a couple of, I think, very significant issues in this case that I would love to see the court address. And so I'm happy if we get past the jurisdictional issue. Maybe that's not the most conservative way to approach this, but I do think that this is an emerging area of law in these two, in both of these areas. I think I may have just one or two points to make if the court doesn't have any questions. That's fine. I would apologize for misapprehending the issue, and I, throughout my briefing, correctly state, I think, that there was a restraining order entered, and there obviously wasn't. I think the court's already discussed this, but as I read the Cohen case, there's one sentence in there that seems to apply here. So long as the matter remains open, unfinished, or inconclusive,  that's the situation that we have here. And even if, however, and this is a jurisdictional argument, I know, but even if we were to find that the restraining order was part and parcel with that order and somehow that that made this appropriate for appeal, I'm still troubled by the, now that I've researched this after the court brought it to my attention, that whether there should ever be a right to interlocutory appeal in the situation of pretrial restraining of assets. First, where there's, I mean, there are obviously two kinds of cases. There are cases where the property that's restrained is real property, as in this case, impersonal property. Many of these cases where there's a bank account that's sought to be released so that money can be used to pay for counsel doesn't reach these issues of the Liz Pendens and the various property rights. Anyway, I think this case, I was unable to find case law on this point. But it was troubling to me, though, that if, in fact, all you're doing is, all you can do is release the property, I guess the issue that troubles me is- I guess I'm not certain what the law is with respect to property that there are two issues. One is already restrained by a Liz Pendens effectively. Whether or not, if all that it gets you, as the Register Court pointed out, is that if there's a Liz Pendens filed, if you have a hearing and you show that there was not probable cause, I don't know that then the government can be compelled to release the Liz Pendens. That troubles me. So I'm not sure that that person has lost something because they effectively probably couldn't go alienate the property after that anyway. But you can always appeal an injunction. I know that Rule 65 in the Ninth Circuit under the Crozier case is the process for this type of proceeding. I'm not sure but what that's been called into question by Unimex and by the Unimex case. And the other question I guess I don't see courts- I haven't found being addressed is if, in fact, the attorney could be- let's say in this case Lot 10 could be- it could have been deeded over to pay attorney fees, for example, without regard to the Liz Pendens. But the attorney at that point who accepts it in payment for fees is taking a huge risk. And so the- anyway. That's the way I read it. That's the difference between a piece of property and money. Yeah. Anyway, unless the Court has any questions. Thank you. I'd like to address a few issues that Mr. Hall discussed in his argument. First, I note that he does concede under Crozier and I think also under Roth that Federal Rule 65 is the appropriate- Federal Civil Rule 65 is the appropriate rule for determination and provides the standards for pretrial restrained property and a preliminary injunction issued in conjunction with that. And I note that Federal Rule 65, one of the factors in determining whether or not such pretrial restraints should be issued, would be an ultimate likelihood of success on the merits, which goes to the Court's question as to whether or not that's something that the Court should be considering. Because under Federal Rule 65, the likelihood of success on the eventual merits is certainly a relevant issue and I think that's a relevant issue for the Court. But on the merits of what? On the merits of the underlying case, which is the criminal case against Mr. Cannon. Or is the merits of the injunction? I think it would go to the likelihood of success on the merits of the criminal case because if the government fails in the criminal case, they're not going to be able to forfeit the property. So, because I guess I read the statute in legislative history to say that we're really looking at the traceability and that that's the focus of the forfeiture procedure. But I guess I understand that you now say that we actually should be doing, I guess, a de novo look at the probable cause. And I think the standard for probable cause is de novo, and I think the cases cited in the brief go to that. But certainly, if the standard is that of Federal Civil Rule 65, one of the first things that has to be addressed by the Court is the likelihood of success on the merits. And here that is the ability of the government to get a criminal conviction. But again, I say the likelihood of success on the merits of what? Is it the merits of the connection between the property and the charge at this stage? Or is it the merits of the whole criminal action, whether it's a conviction? It would be the merits of the criminal action on the forfeiture counts because if the government couldn't obtain conviction on the forfeiture counts, they wouldn't be entitled to forfeit the property. In any event, I agree with the Court's comment as far as traceability of assets, though. I do think that that is, in fact, a relevant issue, and that's one of the things addressed in my brief, that there is not, in effect, any substantive tracing of assets here, and there's no determination of what assets were and were not allegedly proceeds of criminal activity because there's no question here that Mr. Cannon did have alternative sources of funds, for example, an inheritance in the amount of $160,000. Those findings, whether we take it under Rule 65 and how we normally would review an injunction, or we look generally at findings of fact for clear error, there's quite detailed findings here as to the traceability and the charts and the various corporations and the boats. So I'm hard-pressed to figure out how we would come up with a different version of events on this record. Well, it is true that there is some detail in Magistrate Judge Lodge's findings, but what he does not do, and what the government did not do at hearing, was to assign any amounts to specific funds that went into specific assets. And in light of that, in light of the fact that there was indisputably $160,000 in money that was untainted that went into these assets, I think the government's failed in this relevant burden of proof. Mr. Hall argued that there should be a burden on the defense to go forward to prove that he had a need for this property in order to retain counsel. If there was any tainted money under the law, doesn't that taint the entire asset? I think it depends on which branch of forfeiture you look at. I think if you look at 853E, that's not the case, and Garcia Guizar from this circuit has specifically said that that is not the case in reference to that branch of forfeiture. Anyway, Mr. Hall's argument was that the defendant did not meet a burden of proof that he says we have to go forward and show that the defendant needs to be able to dispose of this asset in order to retain counsel. However, the government throughout this matter, both at the hearing and also in its pleadings, has always taken the position that Mr. Cannon has no assets that are not in its mind tainted and no assets that could, in fact, be used for counsel. And given the fact that the government has consistently taken that position, I think that eliminates the need for us to go forward to show independently that Mr. Cannon needs this property. The government itself has said that Mr. Cannon has no assets, in their opinion, which Mr. Cannon should be allowed to use for the purpose of retaining counsel. What is Lot 10? What does it contain that is the subject of this action? Just out of curiosity. Sure. It is the defendant's residence, and it's a residential plot just south of Ketcham, Idaho. The final point I'd like to address, Mr. Hall spoke about the register decision, which I would point out is not the law of this circuit. And there are, in fact, four other circuits that have contrary findings of law. But Mr. Hall's citation of register was to the effect that a defense attorney could not take property or sales proceeds from property such as this as a bona fide purchaser for value. And I would submit that if a defense attorney provides services that were of a sufficient amount to provide consideration for the value that he had received, that he could and should be a bona fide purchaser or, excuse me, a bona fide taker for value if this property was, in fact, mortgaged or refinanced or otherwise used in order to retain his fees. But under the government's position that the defendant has no assets that in its mind are not tainted, Mr. Cannon thus is irrevocably deprived of the right to counsel of his choice because the government says that there are no assets that he has which he can use to hire counsel. If the court has any further questions. I wanted to ask one question. If the property was part of a money laundering scheme, which it is the government contends, then you wouldn't have to show that it would be all right to have part of it be untainted and part of it tainted. You can forfeit the whole thing because... I believe that's a correct statement of the law, Your Honor. If there are no further questions. Thank you. Thank you. In case the United States v. Cannon is submitted...
judges: Hug, B Fletcher, McKeown